FIRST NATIONAL BANK OF MONTAGUE v. A. B. ROBERTSON.

No. 87.

1. **Writ of Error not Issued to Revise Interlocutory Order.**—The Court of Civil Appeals overruled a motion to dismiss, based upon alleged delay of service of writ of error for over two years after the petition for writ of error was filed. The judgment below was reversed. A motion for rehearing was overruled. Application to Supreme Court for writ of error dismissed, on the ground that this court has not jurisdiction to grant a writ of error for the purpose of revising an interlocutory judgment.

2. **Findings of Fact by Court of Civil Appeals.**—The refusal to dismiss the writ of error for want of diligence in obtaining service involved the finding of facts. Such act of the Court of Civil Appeals will not be revised by the Supreme Court.

THIS is an application for writ of error to the Court of Civil Appeals, Second District, in error from the District Court of Mitchell County.

The judgment in the District Court was rendered December 4, 1889.

February 25, 1890, the defendant, the bank, by its attorney, filed petition and bond for writ of error, and citation was promptly issued. Counsel for the bank applied for and obtained a transcript of the record, which was filed in the Supreme Court May 3, 1890, and at same term the cause was submitted on brief of the said bank.

The case was not reached for disposition until June 7, 1892, when judgment was rendered reversing and remanding the cause. On motion for rehearing, made by Robertson, defendant in error, the court, on June

25, 1892, ordered said judgment vacated, and the cause was stricken from the docket, because the transcript failed to show that the citation in error had been served.

On June 20, 1892, the plaintiff in error caused an alias citation to be issued and served, and again the transcript was filed in the Supreme Court September 30, 1892.

October 1, 1892, the defendant in error (Robertson) filed his motion to dismiss, because plaintiff in error had permitted more than two years to elapse after filing its petition and bond before having defendant in error cited, and because three terms of the Supreme Court had passed after the filing of the petition before it had caused defendant in error to be served with citation.

On January 11, 1893, the Court of Civil Appeals overruled the motion to dismiss. In passing upon the motion said court found as conclusions of fact, " that the original citation in error was never served; that plaintiff in error relied solely upon its attorney to take the necessary steps to prosecute its writ of error; that said attorney was under the erroneous impression when he filed and submitted the record in this court that said original citation in error had been served; that at that time he probably had good reason to believe that the citation had been served, but that owing to lapse of time intervening and the loss of original papers in said cause, he has been unable to show the particular facts or circumstances which probably misled him; that the judgment in favor of defendant in error was suspended by a good and sufficient supersedeas bond, and that no injury is likely to result to defendant in error from the delay in the prosecution of the writ of error; that neither plaintiff in error nor its attorney has been guilty of any intentional neglect in prosecuting the writ of error, but that the delay has resulted from a mistake of fact on the part of counsel for plaintiff in error; and lastly, that though there is no direct proof upon this point, it may be inferred that defendant in error has silently acquiesced in the delay."

In its conclusions of law, the Court of Civil Appeals held, " that plaintiff in error had not been guilty of any such inexcusable neglect to prosecute its writ of error as would justify that court in refusing it a hearing upon the record, and that the rights of defendant in error would not be prejudiced by the overruling of the motion to dismiss."

On the merits the judgment below was reversed and the case remanded. Motion for rehearing was made and overruled.

*B. H. Looney* and *Carter & Lewright*, for the application.—It is immaterial whether or not there was any intentional negligence upon part of the plaintiff in error, or its attorney, in obtaining service of citation in error. Nor does it matter what was the cause of the delay in securing

service, so long as there was no fraud or inequitable conduct upon the part of the defendant in error.

The Court of Civil Appeals found as a conclusion of fact, that the original citation in error was never served, and that more than two years had elapsed since the time the petition and bond for writ of error were filed and before the service of the citation, and that three terms of this court had passed since the time of the filing of said petition before the citation was served. It is insisted, that because of such neglect and delay in prosecuting the writ of error, the case should have been dismissed. Rev. Stats., arts. 1392, 1397; Roberts v. Sollibellus, 10 Texas, 353; Graham v. Sterns, 16 Texas, 154; Thompson v. Rice, 49 Texas, 769; Thompson v. Anderson, 82 Texas, 237.

STAYTON, CHIEF JUSTICE.—The Court of Civil Appeals reversed the judgment of the District Court and remanded the cause. An inspection of the application shows that the judgment of the Court of Civil Appeals does not practically settle the right of the parties, and under the law the writ of error can not be granted.

It is, however, claimed that the Court of Civil Appeals erred in overruling applicant's motion to dismiss the writ of error, on the ground that plaintiff in error did not use due diligence in obtaining service of citation in error.

The matters on which that court was called to act on the motion were largely of fact, and its rulings thereon this court would not ordinarily be authorized to disturb, even if it had jurisdiction to revise such an interlocutory ruling in the absence of a final judgment by that court.

We are, however, of opinion that this court has not jurisdiction to grant a writ of error for the purpose of bringing before it for revision an interlocutory judgment, there being no final judgment on the merits which this court is authorized to revise.

The application will therefore be dismissed.

*Application dismissed.*

Delivered June 15, 1893.